NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON WEST,<br><br>                Plaintiff,<br><br>   v.<br><br>IRS,<br><br>                Defendant. | Civil Action No. 23-21060 (GC) (DEA)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

This matter comes before the Court upon the Application to Proceed *In Forma Pauperis* ("IFP") filed by Plaintiff Aaron West[1] together with Plaintiff's Complaint against Defendant IRS.[2] (ECF Nos. 1 & 1-1.) For the reasons stated below, and other good cause shown, Plaintiff's Complaint is **DISMISSED** without prejudice.

**I.     BACKGROUND**

The following facts are taken from the Complaint and accepted as true only for the purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff has initiated several actions in this District against various defendants over a short period of time, including but not limited to *West v. Allied Universal*, Civ. No. 23-00335 (GC) (DEA); *West v. Amazon*, Civ. No. 23-00336 (GC) (DEA); *West v. EEOC, et al.*, Civ. No. 23-00476 (MAS) (DEA); *West v. EEOC*, Civ. No. 23-01004 (ZNQ) (JBD); *West v. Department of Treasury Internal Revenue Service*, Civ. No. 23-01005 (ZNQ) (RLS); *West v. Smith*, Civ. No. 23-01053 (MAS) (TJB); *West v. USPS*, Civ No. 23-02830 (GC) (DEA); *West v. Capitol Police*, Civ. No. 23-01006 (GC) (DEA).

[2] Presumably, IRS is short for the Internal Revenue Service. Although Plaintiff's Complaint names the IRS as the defendant, his IFP application names "USPS" as the defendant. (ECF No. 1 at 1; ECF No. 1-1 at 1.)

Plaintiff filed his Complaint on or about October 9, 2023, using the Court's standard form that asks plaintiffs to provide information as to the nature of his claims. (ECF No. 1 at 1-5.[3]) The Complaint is spartan. It does not describe any events giving rise to any claims, the date and approximate time of any such events, or the basic facts triggering Plaintiff's claims. (*Id.* at 3-4.) Plaintiff simply writes that "they discriminat[e] [against] how [I] talk" and that he "want[s] [his] money and . . . a video[] call and [his] ADA." (*Id.* at 4.)

Plaintiff also filed an application to proceed *in forma pauperis*. (ECF No. 1-1.) Plaintiff leaves many sections of the application blank, and he states that he is neither working nor receiving public benefits. (*Id.* at 1-5.) Yet in the section asking Plaintiff to estimate his "average monthly expenses," Plaintiff writes that he pays $200.00 per month on food and $15.00 per month on laundry. (*Id.* at 4-5.) And though Plaintiff claims ownership of a motor vehicle valued at $15,000.00, Plaintiff claims no expenses associated therewith and omits identifying the make, model, or registration number of the vehicle as requested. (*Id.* at 3.)

## II.   LEGAL STANDARD

### A.   *IN FORMA PAUPERIS*

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1

---

[3]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

(D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

    **B.**    **FAILURE TO STATE A CLAIM**

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C.      RULE 8'S PLEADING REQUIREMENTS

Federal Rule of Civil Procedure 8 sets forth general rules of pleading, and requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.
>
> [Fed. R. Civ. P. 8(a).]

## III.   DISCUSSION

### A.      IFP APPLICATION

The Court is concerned by the contradictory representations in Plaintiff's IFP application that is sworn under "penalty of perjury." For example, in his application, Plaintiff represents that he has not been employed in the past two years and has no income. (ECF No. 1-1 at 2.) Plaintiff represents, however, that he spends $215.00 per month on food and laundry even though he reports neither the reception of public assistance nor savings. (*Id.* at 1-2.) Plaintiff also lists the USPS as the defendant in his IFP application, but the IRS in his Complaint. (*Id.* at 1; ECF No. 1 at 1.)

These discrepancies in Plaintiff's application as to the identity of the defendants, Plaintiff's expenses, income, and savings leads the Court to question Plaintiff's candidness. *See Rockefeller v. New Jersey*, Civ. No. 07-1878, 2007 WL 2363744, at *1 (D.N.J. Aug. 16, 2007) ("The Court will deny the Application. The plaintiff fails to show entitlement to in-forma-pauperis relief, as his statements here and in the Separate Action are self-contradictory.").

In any event, because the Court dismisses the Complaint without prejudice for the reasons stated below, it will not now decide Plaintiff's application to proceed *in forma pauperis*. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *Karupaiyan v. Woodbridge Twp. of NJ*, Civ. No. 21-19737, 2022 WL 18859991, at *1 (D.N.J. Aug. 19, 2022), *aff'd sub nom. Karupaiyan v. Twp. of Woodbridge*, 2023 WL 2182375 (3d Cir. Feb. 23, 2023) ("[T]he Court dismissed Plaintiff's Complaint but permitted him to replead his claims. . . . Accordingly, the Court made no determination as to whether Plaintiff's monthly income rendered him eligible for proceeding IFP.").

**B.    REVIEW OF COMPLAINT**

Plaintiff's Complaint is deficient under Rule 8 and does not state a claim under Rule 12(b)(6). Plaintiff's reference to the "ADA" and discrimination suggest that Plaintiff intends to bring claims under the Americans with Disabilities Act. (ECF No. 1 at 3.) Although claims under the ADA could provide federal-question jurisdiction, Plaintiff cites no specific provision or violation of the statute. (*Id*.) Plaintiff also alleges that he was discriminated against because of the way he talks, but he provides no factual detail as to when or how the IRS allegedly discriminated against him or any of the events giving rise to his claim.

Plaintiff's unclear pleading prevents the Court and any defendant from determining whether Plaintiff's allegations are more than merely conclusory and whether the elements of any claim may be satisfied. *See Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) ("Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and

the grounds upon which it rests.'" (citation omitted)). Plaintiff must provide additional factual detail for the Court to find that his allegations support a claim upon which relief can be granted.

## IV.   CONCLUSION

For these reasons, and other good cause shown, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice. As Plaintiff is proceeding *pro se*, and as a more comprehensive statement may show legitimate grounds for relief, Plaintiff will have thirty (30) days to (1) file an amended complaint that meets the pleading requirements, and (2) renew his *in forma pauperis* application. An appropriate Order follows.

Dated: October 31, 2023

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**